UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY CHUDZIK,

        Plaintiff,

vs.                                        Case No. 3:11-cv-86-J-HWM-MCR

CITY OF PALM COAST,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court sua sponte. On July 1, 2011, this Court entered an Order granting Plaintiff's counsel's Motion to Withdraw (Doc. 27) and giving Plaintiff until July 15, 2011 to notify the Court whether he intends to employ new counsel or whether he intends to proceed pro se. (Doc. 28). Plaintiff failed to respond. On July 18, 2011, this undersigned entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's Order no later than August 1, 2011.[2] (Doc. 29). Again, Plaintiff has failed to respond.[3]

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Plaintiff was cautioned that failure to comply with the directives of the Court's Order may result in his case being dismissed for failure to prosecute. (Doc. 29, p. 1).

[3] Additionally, on June 6, 2011, Defendant filed a Motion to Compel (Doc. 22). To date, Plaintiff has failed to file a response.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]"  Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir.1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Middle District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution.  M.D. Fla. Loc. R. 3.10(a).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985).  Here, Plaintiff's failure to comply with this Court's directives amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully

**RECOMMENDED:**

that this case be dismissed without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of August, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Jeffrey Chudzik
38 Raeland Lane
Palm Coast, FL 32164